Lincoln Trust Company ⎫
vs.         ⎬ No. 70544
W. F. Tucker    ⎭

September 18, 1928.

SUMNER, J. The plaintiff brought suit to recover a balance alleged to be due on a note given by the defendant to the Italo-American Mutual Trust Company, and which the plaintiff held as its successor. The jury returned a verdict for the defendant, and plaintiff has filed its motion for a new trial.

In October, 1922, defendant borrowed $1,600 of the Italo-American Mutual Trust Company for which he gave a note secured by the pledge of a diamond ring as collateral security. The note was renewed twice, the inter-

est being added thereto, so that on April 19, 1923, when the last note was given, (and this time to the Cosmopolitan Trust Company), it amounted to $1,648.89. The defendant never paid any part of the principal or interest of the note, and on March 20, 1924, plaintiff notified him that if it did not hear from him within a reasonable length of time it would be forced to dispose of the ring. The following October the plaintiff, after many efforts, succeeded in selling the ring for $1,350, and after payment of interest and principal out of the proceeds of the sale of the ring, there was still a balance due to the plaintiff of $391.91, and this suit was brought to obtain this sum from the defendant.

The defendant offered in evidence a paper signed by the Cosmopolitan Trust Company, in which it acknowledged the receipt of $1,750 in notes from the defendant, and said that the ring was not to be sold for a less amount than $1,750 without the permission in writing of the defendant, and on the same date on which this paper was signed, the defendant gave a bill of sale to Mr. McKendall, who at that time, was an officer of the bank. The defendant claimed that this paper was in abrogation, and took the place of the original contract pledge, and that the ring should not have been sold without his approval, and that it was sold for less than the market value.

Mr. McKendall testified that the papers were issued merely to enable him as an individual to make sale of the ring; that as he did not sell the ring under it, the agreement lapsed. His explanation seemed to the Court more reasonable than that of the defendant.

The paper recites that $1,750 was given in notes at the time this arrangement was made with Mr. Tucker, but as a matter of fact no notes were passed at the time, and the Court feels that Mr. McKendall's claim is substantiated. Moreover, even if the plaintiff did make the agreement as claimed by the defendant, there was apparently no consideration for it, as it gave the plaintiff no right that it did not have before, and merely offered Mr. McKendall the opportunity to show a bill of sale to a prospective customer unconnected with the mortgage pledge.

The defendant claims that a larger price could have been obtained from the sale of the ring. He claims that he paid $3,100 for the ring, but offers nothing in corroboration of the claim. He says that Mr. McDuff offered him $2,000 for the ring, while Mr. McDuff testified that he merely told him that he could probably get $2,000 for it. Mr. McDuff further said: "It is hard to sell a big stone and in October, 1924, the demand would not be as great as it had been." He said that he had a man from New York who offered $350 a carat but did not give the man's name.

Apparently the ring was never weighed. Its weight was variously estimated at 4, 4½ and 5 carats. The defendant also testified that he was doing his best to sell the ring; that "it is out of the ordinary and you have got to find a customer. There is not a big demand for a large stone." Pausata, an expert, called by the plaintiff, said the stone weighed 4½ carats, and would have been worth from $325 to $340 a carat, but a large stone is very hard to dispose of; that his gauge showed 4 carats but it might be 4½ carats. Four carats at $325 would be $1,300. Mr. Goldstein, another expert, called by the plaintiff, said he tried to sell it but could not. He offered $1,200 for it. He further said that, "there is no market value on diamonds; you get all you can." Plaintiff's witnesses testified that they tried to dispose of the ring many times.

The Court feels that the plaintiff obtained a fair price for the ring, and that the verdict is against the weight of the evidence.

Plaintiff's motion for a new trial is granted.

28

For plaintiff: Frank H. Bellin.
For defendant: C. Z. Alexander.